NATURAL RESOURCES DEFENSE COUNCIL, INC.

v.

FINA OIL & CHEMICAL CO.

No. 1:92–CV–0217.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1992.

James B. Blackburn, Blackburn & Carter, Houston, Tex., Turner Odell, Jr., Nancy S. Marks, Katherine Kennedy, New York City, for plaintiff.

Sharon Mattox, Charles L. Berry, Vinson & Elkins, Houston, Tex., for defendant.

**146**

## MEMORANDUM OPINION

COBB, District Judge.

Fina Oil Company, the defendant in this citizen suit brought under § 505 of the Clean Water Act, 33 U.S.C. § 1321, moves for dismissal on the issue of standing. National Resource Defense Council, plaintiff, moves for partial summary judgment. Both parties have stipulated that, for today's hearing, the issue is whether the court's jurisdiction over this action is preempted, under § 309(g), 33 U.S.C. § 1319(g), by a prior compliance order of the U.S. Environmental Protection Agency. For the reasons given below, the court finds that it is not and asserts jurisdiction.

In matters of statutory construction, the court must begin with the language of the statute. Subsection 1319(g) of the Act, a 1987 amendment, authorizes the E.P.A. to assess administrative penalties against a violator of the Act. In relevant part, citizen suits, "with respect to which the Administrator or the Secretary has commenced and is diligently prosecuting an action under this subsection," are precluded as to penalties. § 309(g)(6)(A)(i) of the Act, 33 U.S.C. § 1319(g)(6)(A)(i).

The language is unambiguous. Preemption applies only when the E.P.A. has brought an action "under this subsection," that is, an action that assesses administrative penalties under subsection 1319(g), with public notice and all the other requirements contained therein. In this instance, the E.P.A. entered a compliance order prior to this suit under § 1319(a) and not an order assessing administrative penalties under § 1319(g). Therefore, this citizen suit is not preempted by § 1319(g). *Arkansas Wildlife Federation v. Bekaert Corp.*, 791 F.Supp. 769 (W.D.Ark.1992).

The defendant argues, *inter alia*, that this reading of the statute necessarily creates a dichotomy within § 1319(g) by giving more deference to a state agency's actions under (6)(A)(ii), as construed by the First Circuit, then to the E.P.A.'s actions under (6)(A)(i). *See, North & South Rivers Watershed Ass'n v. Scituate*, 949 F.2d 552 (1st Cir.1991). This may be. Congress may very well have intended to defer to a

state's enforcement of its own environmental laws, "comparable to this subsection," § 1319(g)(6)(A)(ii), as a preference for state action in this area. We do not know. What *is* clear is that whether any given state law is "comparable" to § 1319(g) requires statutory interpretation (as to the extent of comparison required); whether an E.P.A. compliance order is "under this subsection" does not, given the explicit requirements contained in § 1319(g) as to what constitutes an action under it (i.e., an order assessing administrative penalties after *public notice and public hearing*).

Consequently, the court asserts jurisdiction. The plaintiff's motion for partial summary judgment on preemption is GRANTED and the defendant's motion to dismiss on the same is DENIED.